IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
OCTAVIA C. MCBRIDE,         )
                            )
    Plaintiff,              )
                            )    CIVIL ACTION NO.
    v.                      )      2:12cv147-MHT
                            )           (WO)
CLIFFORD L. HARRELL and     )
CAROLYN D. HARRELL,         )
                            )
    Defendants.             )
```

OPINION AND ORDER

Plaintiff Octavia C. McBride, proceeding pro se, filed a notice of removal asserting federal-question jurisdiction over her pending state-court lawsuit against defendants Clifford L. Harrell and Carolyn D. Harrell. For the reasons that follow, this case will be remanded to state court.

According to McBride's notice of removal, she has suffered a variety of due-process violations during the pendancy of this state-law action. Specifically, she asserts that, among other things, the trial judge has neglected to rule on a number of her motions, the state-

court system has failed to provide her adequate notification of court dates, and the county clerk's office shredded her original power-of-attorney document. She filed a notice of removal with the hope that this federal court would grant her the relief that the state court has thus far refused to provide.

Subsection (a) of 28 U.S.C. § 1441, which governs the removal of lawsuits from state to federal court, provides in pertinent part as follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be <u>removed by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending."

(Emphasis added).  The Supreme Court has cautioned that this statute should be strictly construed.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941).  Given that admonishment and the express and unambiguous terms of the statute itself, it is unsurprising that the

Eleventh Circuit Court of Appeals has stated that § 1441(a) authorizes defendants only, and not plaintiffs, to remove a suit to federal court. See FDIC v. S & I 85-1, Ltd., 22 F.3d 1070, 1072 (11th Cir. 1994). Consequently, even assuming that this court had jurisdiction over McBride's due-process claims if they had been originally filed in federal court, this action must be remanded because § 1441(a) does not grant her the right to seek removal of a cause of action in which she is the plaintiff.

Moreover, McBride's arguments in favor of removal reduce to a contention that she is being mistreated in state court. This mistreatment is not an independent federal claim that might warrant removal, even by a defendant, but rather is an argument that should be presented to a state appellate court should she lose on her state-law claims in state court. "Removal jurisdiction is not an avenue for federal review of

state-court actions." Pearson v. Commercial Bank of Ozark, 2012 WL 72603, *2 (M.D. Ala. 2012) (Thompson, J.).

***

For the forgoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court that this case be remanded to the Circuit Court of Autauga County, Alabama, pursuant to 28 U.S.C. § 1446(c)(4).

It is further ORDERED that all pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed.

DONE, this the 22nd day of February, 2012.

                                       /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**